U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KENNETH D. REED, SR.                    CIVIL ACTION NO. 07-0781

VS.                                      SECTION P

BURL CAIN, WARDEN                        JUDGE DRELL

                                         MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on May 3, 2007 by *pro se* petitioner Kenneth D. Reed, Sr. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving sentences totaling 40 years imposed following his October 10, 2000 convictions for forcible rape and possession of a firearm by a convicted felon in the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

5

### *Statement of the Case*

Prior to October 10, 2000, petitioner was charged with two counts of aggravated rape, two counts of forcible rape, two counts of sexual battery, one count of oral sexual battery, one count of being a felon in possession of a firearm, and one count of unauthorized entry of an inhabited dwelling. [doc. 1-4, p. 11] On October 10, 2000 petitioner was offered a plea agreement – in return for his guilty plea to two counts of forcible rape and one count of being a felon in possession of a firearm he would be sentenced to serve 40-years and all other pending charges would be dismissed. [doc. 1-4. pp. 8-19]

After discussing the plea with his father and his attorney, petitioner accepted the agreement to plead guilty to two counts of forcible rape and one count of being a felon in possession of a firearm. [doc. 1-4, pp. 19-20] After having been advised of his rights, petitioner pled guilty to two counts of forcible rape under docket number 255,748 and one count of being a felon in possession of a firearm under docket number 254,410. [doc. 1-4, p. 29] In accordance with the plea agreement petitioner was sentenced to serve 40 years on each of the forcible rape convictions and 15 years on the firearms charge. The court ordered that all sentences be served concurrently with each other. In accordance with the plea agreement all other pending charges were dismissed and the state agreed to refrain from

2

filing multiple offender charges. [doc. 1-4, p. 31]

Petitioner did not appeal his conviction and sentence.[1]

On October 9, 2002 petitioner filed an Application for Post-Conviction Relief in the Ninth Judicial District Court. [doc. 1-3, p. 6] He argued claims of ineffective assistance of counsel and invalid guilty pleas. [doc. 1-1, paragraph 11] On April 23 or 24, 2003, the trial court denied relief. [doc. 1-1, paragraph 11(a)(5) and (6)]; but see doc. 1-3, p. 6]

On July 9, 2003 petitioner filed an application for writs of review in the Third Circuit Court of Appeals. On September 12, 2003 the Third Circuit granted writs in part. The court noted that the trial court failed to articulate that the petitioner's sentences were to be served without benefit of parole and that the sentences were to be served "at hard labor." The case was remanded for re-sentencing, however, with respect to petitioner's claims of ineffective assistance of counsel and invalid guilty plea, the writ was denied. State of Louisiana v. Kenneth D. Reed, Sr., KH 03-00882 (La. App. 3 Cir. 9/12/2003)(unpublished). [doc.

---

[1] Indeed, under Louisiana law, petitioner could not appeal his conviction since he entered a guilty plea. A plea of guilty waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976). Further, petitioner would not have been able to appeal his sentence. See La. C.Cr.P. art. 881.2(A)(2), "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner was apparently sentenced within the limits of a plea agreement which set a sentencing cap of 40 years. Where a specific sentence or cap has been agreed to as a consequence of a plea agreement, a sentence imposed within the agreed upon range cannot be appealed as excessive. La. C. Cr. P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.

1-4, p. 1]

On October 20, 2003 the trial court re-sentenced petitioner in accordance with the Third Circuit's remand to serve 40 years at hard labor on each of the rape convictions.  The court ordered that 2 years of the sentence be served without benefit of parole. [doc. 1-4, pp. 34-38]

Petitioner filed a writ application in the Louisiana Supreme Court. On November 24, 2004, the court denied writs without comment. State of Louisiana ex rel. Kenneth Dan Reed, Sr. v. State of Louisiana, 2003-2809 (La. 11/24/2004), 888 So.2d 219.

On some unspecified date petitioner filed a second Application for Post-Conviction Relief in the Ninth Judicial District Court. Petitioner again argued claims of ineffective assistance of counsel and involuntary guilty plea. [doc. 1-3, p. 7] On November 28, 2005 the trial judge denied relief. [doc. 1-3, p. 7] Petitioner sought writs in the Third Circuit Court of Appeals. On May 9, 2006 writs were denied by the Third Circuit in the matter assigned Docket Number KH 05-1628.  Petitioner applied for writs in the Louisiana Supreme Court. On March 23, 2007 the Supreme Court denied writs citing La. C.Cr.P. art. 930.8 and State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. See State of Louisiana ex rel. Kenneth D. Reed, Sr. v. State of Louisiana, 2006-1587 (La. 3/23/2007), 951 So.2d 1096.

Petitioner signed his federal pleadings on April 29, 2007

4

[doc. 1 1, p. 6; doc. 1-3, p. 19]; the pleadings were received in the Louisiana State Penitentiary Mail Room on April 30, 2007 and mailed on May 1, 2007. [doc. 1-1, p. 7] The pleadings were ultimately received and filed in this court on May 3, 2007.

### Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

However, the statutory tolling provision of 28 U.S.C.
§2244(d)(2) provides that the time during which a properly filed
application for post-conviction relief was pending in state court
is not counted toward the limitation period. Ott v. Johnson, 192
F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914,
916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time
before the proper filing of an application for post-conviction
relief in state court is counted against the one-year limitation
period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154
F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-
year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326
(5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For
AEDPA purposes, petitioner's judgment of conviction and sentence
"became final by ... the expiration of the time for seeking
[direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days
following October 10, 2000 (the date that petitioner was
sentenced) or, on or about November 10, 2000. Under 28 U.S.C.
§ 2244(d)(1) he had one year, or until about November 10, 2001 to

_____

See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's
conviction, provided, "The motion for an appeal must be made no later than
[f]ive days after the rendition of the judgment or ruling from which the
appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003
Louisiana Legislature to extend the time period to thirty days. The amendment
became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after
petitioner's sentencing date. Nevertheless, for the purposes of this Report,
petitioner has been given the benefit of the amendment in the determination of
the finality of his judgment of conviction.

file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until October 9, 2002 [doc. 1-3, p. 6] and by that time, the limitations period had already long expired. Neither that filing, nor any of his subsequent filings in the Ninth Judicial District Court, the Third Circuit Court of Appeals or the Louisiana Supreme Court could operate to toll the limitations period since these proceedings were filed after the AEDPA limitations period had already expired, and, as stated above, any lapse of time before the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner might argue that the Third Circuit's court ordered re-sentencing on October 20, 2003 had the effect of re-starting his AEDPA limitations period. However, such is not the case. Petitioner's judgment became final when the delays for seeking a direct appeal lapsed; it could not be "de-finalized" by the re-sentencing that was granted by the Third Circuit Court of Appeals. In Salinas v. Dretke, 354 F.3d 425, 429-430 (5th Cir.), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004) the Fifth Circuit noted that the "... AEDPA provides for only a linear limitations period, one that starts and ends on

7

specific dates, with only the possibility that tolling will expand the period in between. [citation omitted] ... nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See § 2244(d)(2)." In other words, once petitioner's judgment became "final" it was not thereafter "un-finalized" when the Third Circuit Court of Appeals granted writs in part on September 12, 2005 and directed the district court to re-sentence petitioner. [doc. 1-4, p. 1]

Thus, a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed; accordingly, his *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).[2]

---

[2] Further, petitioner's second application for post-conviction relief also did not toll the limitations period. The second post-conviction proceedings were ultimately determined to be untimely by the Louisiana Supreme Court which denied relief citing La. C.Cr.P. art. 930.8 and_State ex rel. Glover v. State. See State ex rel. Reed v. State, 2006-1587 (La. 3/23/2007), 951 So.2d 1096. La. C.Cr.P. art. 930.8 provides in pertinent part, "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final..." Likewise, State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189, 1201 (La. Sep 05, 1995) is generally cited with respect to its holding that "... the fact that the trial court reached the merits in an untimely filed application for post conviction relief ... did not preclude the court of appeal from raising Art. 930.8's time bar." A state post-conviction petition, which has been rejected by the state court as untimely under the state's statute of limitations, is not considered "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus cannot toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005). Thus, even the second round of post-conviction

8

Accordingly,

IT IS RECOMMENDED that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana,

---

which ended on March 23, 2007 was insufficient to toll limitations period.

this _____ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE